United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal Case No. 19-20480-Scola |
| | ) |
| Michael Palomino, Defendant | ) |

**Order on Motion for Compassionate Release**

    Now before the Court is the Defendant Michael Palomino's motion for compassionate release due to the risks posed by the Covid-19 pandemic. For the reasons set forth below, the Court **denies** Palomino's motion (**ECF No. 25**) without prejudice and with leave to refile.

    Palomino failed to exhaust his administrative remedies. Section 3582 allows the Court to consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C.A. § 3582(c)(1)(A). Where 30 days have not passed after submitting a request to the warden, the statute "presents a glaring roadblock foreclosing compassionate release." *United States v. Raia*, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), *as revised* (Apr. 8, 2020); *see also United States v. Epstein*, 2020 WL 1808616, at *4 (D.N.J. Apr. 9, 2020) (citing numerous cases for the proposition that an inmate must comply with this subsection before filing a compassionate release motion). However, the Court acknowledges that there is a limited exception to the requirement, where its enforcement would occasion "undue prejudice to subsequent assertion of a court action." *McCarthy v. Madigan*, 503 U.S. 140, 146-47 (1992). "Although § 3582(c)(1)(A) plainly imposes an administrative exhaustion requirement, the United States Supreme Court has held that, even in such circumstances, an exception exists where 'the interests of the individual weigh heavily against requiring administrative exhaustion.'" *United States v. Minor,* Case No. 18-80152 (S.D. Fla. Apr. 17, 2020) (Middlebrooks, J.) (citing *McCarthy*, 503 U.S. at 146). For example, this Court waived the exhaustion requirement in *United States v. Lima* because the defendant was 85 years old and suffered from a number of particularly severe medical conditions. Case No. 16-20088 (S.D. Fla. May 11, 2020) (Scola, J.). Lima's interests in release from prison weighed heavily against the need for her to appeal the Bureau of Prisons' denial of her request for release

because her risk of contracting a severe case of coronavirus and dying in prison was particularly great.

Here, Palomino does not allege that he fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf, nor has he waited 30 days after submitting a request for release to the warden. Moreover, Palomino does not demonstrate that he is excepted from the exhaustion requirement because his interests weigh heavily against requiring exhaustion. Palomino alleges that he suffers from asthma and hypertension. (ECF No. 25 at 2.) But without details regarding the severity his conditions, how long he has had these conditions, and any medical documentation supporting his contention that he has these conditions, the Court cannot determine that enforcement of the exhaustion requirement will occasion "undue prejudice to subsequent Court action." *McCarthy*, 503 U.S. at 146-47. Because he has not yet complied with, or shown that he need not comply with, the statute's requirements, it is improper for the Court to grant this motion at this time.

In sum, the Court **denies** Palomino's motion for compassionate release (**ECF No. 25**) without prejudice and with leave to refile when Palomino has exhausted his administrative remedies or when Palomino can demonstrate that the exhaustion requirement should not be enforced.

**Done and ordered** at Miami, Florida, on August 4, 2020.[1]

_____
Robert N. Scola, Jr.
United States District Judge

---

[1] This order was originally signed and uploaded on June 1, 2020. However, due to an inadvertent error, the wrong order was uploaded on that date. The Court observes that Palomino has since filed a second motion to which the Government has responded, and it will address that motion in the near future.