United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal Case No. 19-20480-Scola |
| | ) | |
| Michael Palomino, Defendant | ) | |

### Order on Second Motion for Compassionate Release

Now before the Court is the Defendant Michael Palomino's second motion for compassionate release due to the risks posed by the Covid-19 pandemic. For the reasons set forth below, the Court **denies** Palomino's motion (**ECF No. 27**).

Palomino pled guilty of conspiracy with intent to distribute methamphetamine and was sentenced to 120 months in prison for his crime. (Judgment, ECF No. 24 at 2.) He now requests compassionate release because his asthma and high blood pressure place him at a greater risk of contracting a severe case of Covid-19.

Under the relevant Sentencing Guidelines Policy Statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that. . . extraordinary and compelling reasons warrant a reduction." § 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt. Based on this framework, in order to qualify for compassionate release, the Court must find extraordinary and compelling reasons warrant Palomino's release, that she is not a danger to the community, and consider the factors in 18 U.S.C. § 3553(a).

If an inmate has a chronic medical condition that has been identified by the CDC as elevating an inmate's risk of becoming seriously ill from COVID-19, that condition may constitute "extraordinary and compelling reasons," especially for inmates over the age of 65. [1] Palomino is a 36-year-old man with asthma and high blood pressure. Although people with moderate-to-severe asthma may be at a higher risk of contracting a severe case of the coronavirus, Palomino's

---

[1] Center for Disease Control and Prevention, *Coronavirus Disease: People who are at higher risk for severe illness*, updated April 15, 2020 at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (people over the age of 65 and those with certain chronic conditions are at a high-risk of severe illness from Covid-19).

asthma does not appear to be sufficiently severe. He also fails to support his claims with medical records or any other documentation. In short, his condition does not appear to be acute enough to warrant his release after serving less than 12% of his sentence, or 14 out of 120 months. And, his youth further diminishes his chance of contracting a severe case of the disease. *But see, United States v. Oreste*, Case No. 14-cr-20349 (S.D. Fla. Apr. 6, 2020) (Scola, J.) (granting compassionate release for the Defendant with end-stage renal failure, heart failure, diabetes, and a history of respiratory illnesses after he completed 60% of his sentence).

Moreover, Palomino did not demonstrate that he does not pose a danger to the community and that the § 3553 factors weigh in favor of his release. Palomino is a repeat offender. He has eleven prior felony convictions and numerous other arrests for theft, fraud, and possession of drugs. At the time of his arrest for this offense, he was under supervision for a previous federal offense. The Court cannot find that he no longer is a danger to society, and the applicable 18 U.S.C. § 3553(a) factors—such as the nature and circumstances of the offense, the history and characteristics of the offender, the need to ensure adequate punishment, deterrence, and community protection—do not warrant Palomino's release after serving only a fraction of his sentence. Therefore, the Court **denies** Palomino's second motion for release (**ECF No. 27**).

**Done and ordered** at Miami, Florida, on August 4, 2020.

Robert N. Scola, Jr.
United States District Judge