United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal Case No. 19-20480-Scola |
| | ) | |
| Michael Palomino, Defendant | ) | |

### Order Denying Motion for Sentence Reduction

 This matter is before the Court on the Defendant Michael Palomino's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 50.) Mr. Palomino pleaded guilty to conspiracy with intent to distribute methamphetamine. (ECF No. 15.) The Court sentenced him to 120 months in prison, followed by five years of supervised release. (J. 2-3, ECF No. 24.)

 Mr. Palomino now seeks a sentence reduction based upon "the new amendment 821 of the United States sentencing guidelines." (ECF No. 50.) The Government responded opposing the motion. (ECF No. 52.) Mr. Palomino has not replied, and the time to do so has passed. After considering the motion, the relevant case law and statutes, and the procedural history of the case, the Court **denies** Mr. Palomino's motion. (**Mot., ECF No. 50.**)

 "[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

 First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a

reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Mr. Palomino seeks relief based on Parts A and B of Amendment 821. Part A of Amendment 821 reduces the number of status points added to a defendant's criminal history score if he commits an offense while under supervised release, from two points to one point. § 4A1.1(e). Part B relates to "adjustments for certain zero-point offenders" and is applicable if the "defendant did not receive any criminal history points from Chapter 4, Part A," among other criteria. § 4C1.1.

Mr. Palomino's original offense level was 27, with a criminal history category 6, and a guideline range of 130 to 162 months. As a threshold matter, he does not qualify as a zero-point offender for Part B. Moreover, Mr. Palomino's 120-month sentence was the statutory minimum. Thus, the Court is precluded from lowering his sentence. *See United States v. Jackson*, 613 F.3d 1305, 1307 (11th Cir. 2010) ("A district court may not ordinarily sentence a defendant to a term less than the statutory minimum, regardless of the defendant's advisory guidelines range.")

Because Mr. Palomino does not qualify for relief under § 3582(c)(2), the Court declines to reach the second step of the analysis to consider the § 3553(a) factors. Based on the foregoing, Mr. Palomino's motion for reduction of sentence is **denied**. (**Mot., ECF No. 50.**)

**Done and ordered** at Miami, Florida on March 29, 2024.

_____
Robert N. Scola, Jr.
United States District Judge