United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | )  Criminal Case No. 19-20480-Scola |
| | ) |
| Michael Palomino, Defendant | ) |

### Order Denying Motion for Sentence Reduction and Motion to Appoint Counsel

This matter is before the Court on the Defendant Michael Palomino's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2)[1] and motion to appoint counsel. (Mot., ECF No. 54.) Mr. Palomino pleaded guilty to conspiracy with intent to distribute methamphetamine. (ECF No. 15.) The Court sentenced him to 120 months in prison, followed by five years of supervised release. (J. 2-3, ECF No. 24.)

Mr. Palomino now seeks a sentence reduction. (ECF No. 54.) The Government responded opposing the motion. (ECF No. 57.) Mr. Palomino filed an objection to the Government's response, which the Court will construe as a reply. (ECF No. 60.) After considering the motion, the relevant case law and statutes, and the procedural history of the case, the Court **denies** Mr. Palomino's motion. (**Mot., ECF No. 54.**)

First, the Court determines that Mr. Palomino is not entitled to appointment of counsel to pursue his motion for reduction of sentence. Courts have uniformly held that defendants do not have a statutory or constitutional right to counsel in these matters. *See United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009) ("The notion of a statutory or constitutional right to counsel for § 3582(c)(2) motions has been rejected by all of our sister circuits that have addressed the issue, and we agree with this consensus."). Additionally, Mr. Palomino has failed to establish unique facts or circumstances that would warrant the Court's exercise of discretion to appoint counsel here.

Next, the Court finds that Mr. Palomino is not entitled to a reduction of sentence. "[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir.

---

[1] In his reply, Mr. Palomino claims that he has extraordinary and compelling reasons that would warrant relief under 18 U.S.C. § 3582(c)(1)(A). However, he fails to state what the extraordinary and compelling reasons are.

2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission. First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Mr. Palomino's original offense level was 27, with a criminal history category 6, and a guideline range of 130 to 162 months with an 120-month mandatory minimum sentence. The Court varied below the guidelines and sentenced him to the 120-month mandatory minimum.

Now, Mr. Palomino argues two bases for reduction of sentence: (1) the revised guidelines would reduce his guideline range from level 30 to level 26 and (2) he was safety valve eligible. (ECF No. 54.) Both are incorrect.

First, the revised guidelines still provide for an offense level of 30 for a defendant with "at least 50 G but less than 150 G of 'Ice'". U.S.S.G. § 2D1.1(5). Ice is defined as "a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity." *Id.* (Notes to Drug Quantity Table: (C)). Mr. Palomino had 52.7 grams of crystal methamphetamine with 98% purity. Accordingly, under the revised guidelines, Mr. Palomino would still have an offense level of 30, and the 120-month mandatory minimum would still apply. Because Mr. Palomino's 120-month sentence was the statutory minimum, the Court is precluded from lowering his sentence. *See United States v. Jackson*, 613 F.3d 1305, 1307 (11th Cir. 2010) ("A district court may not ordinarily sentence a defendant to a term less than the statutory minimum, regardless of the defendant's advisory guidelines range.").

Second, Mr. Palomino is ineligible for a safety valve reduction under the revised guidelines. To qualify for a safety valve reduction, a defendant must not have "more than 4 criminal history points[.]" U.S.S.G. § 5C1.2(a)(1)(A). Mr.

Palomino has 12 criminal history points[2] and is therefore ineligible. Because Mr. Palomino does not qualify for relief under § 3582(c)(2), the Court declines to reach the second step of the analysis to consider the § 3553(a) factors. Based on the foregoing, Mr. Palomino's motion for reduction of sentence and for appointment of counsel is **denied**. (**Mot., ECF No. 54.**)

**Done and ordered** at Miami, Florida on February 26, 2025.

_____
Robert N. Scola, Jr.
United States District Judge

---

[2] Originally, Mr. Palomino had 14 criminal history points. However, because two points were for committing this offense while under a criminal justice sentence, those two points would no longer apply.