United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal Case No. 19-20480-CR-Scola |
| | ) |
| Michael Palomino, Defendant. | ) |

### Order Denying Motion for Sentence Reduction

This matter is before the Court on the Defendant Michael Palomino's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Mot., ECF No. 64.) The Government has responded (Resp., ECF No. 66), and the time for Palomino to file a reply has passed. After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** Palomino's motion to reduce sentence. (**ECF No. 64.**)

1. **Background**

On January 24, 2020, the Defendant Michael Palomino was sentenced to a term of imprisonment of 120 months after pleading guilty to one count of conspiracy to possess with intent to distribute a mixture and substance containing more than 50 grams of methamphetamine in violation of 21 U.S.C. § 846. (Judgment, ECF No. 24.) Palomino's sentence was a downward departure from his Sentencing Guidelines range of 130 to 162 months based upon a total offense level of 27 with a criminal history category of VI.

Since Palomino's sentencing, he has filed eight motions for modification of his sentence, including the instant motion for compassionate release. His first motion for compassionate release was filed five months after sentencing, (ECF No. 25), followed a month later by a second motion for compassionate release. (ECF No. 27). The Court denied both these motions. (ECF Nos. 31, 32). Palomino then filed a motion to reduce his sentence to home confinement, (ECF No. 33), which the Court denied. (ECF No. 34). Next came Palomino's motion for relief under 28 U.S.C. § 2255, (ECF No. 38), which the Court denied. (ECF No. 39). Mere months later, Palomino filed another motion to reduce sentence, (ECF No. 40), which was denied. (ECF No. 41). Palomino filed all four of these motions within the first year of his sentence.

Less than a year after his last motion was denied, Palomino filed an emergency motion to reduce or modify his term of imprisonment on August 12, 2021, (ECF No. 42), which the Court denied. (ECF No. 45). It was not until

February of 2024 that Palomino filed his next motion for a reduction in sentence, (ECF No. 50), which was denied. (ECF No. 53). Six months later, Palomino filed another compassionate release motion, (ECF No. 54), which the Court denied. (ECF No. 61). Finally, Palomino filed the instant motion for compassionate release on May 22, 2025. (ECF No. 64).

## 2. Legal Standard

Palomino seeks a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A) which provides, in relevant part:

> [T]he court, upon motion of … the defendant … may reduce the term of imprisonment …, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statement refers to U.S.S.G. § 1B1.13, which states, in part, that a "court may reduce a term of imprisonment if, as relevant here, it 'determines that . . . (2) the defendant is not a danger to the safety of any other person or to the community.'" *United States v. Tinker*, 14 F. 4th 1234, 1237 (11th Cir. 2021) (quoting § 1B1.13). Therefore, "a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *Id.* "Because all three conditions . . . are necessary, the absence of even one would foreclose a sentence reduction." *Id.* at 1237-38.

U.S.S.G. § 1B1.13 lists the "extraordinary and compelling reasons" that may warrant a sentence reduction. They include certain medical circumstances of the defendant; the age of the defendant; certain family circumstances of the defendant; whether the defendant was a victim of abuse while imprisoned; other similar reasons; and unusually long sentences. § 1B1.13 (b)(1)-(6).

Lastly, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence

disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

#### A. Palomino Is Ineligible For Relief Under § 3582(c)(1)(A)

The Court finds that Palomino is ineligible for a reduction in sentence under § 3582(c)(1)(A) because he has not shown that he has exhausted his administrative remedies. Even if he had exhausted his administrative remedies, his motion would be denied for the reasons set forth below.

1. <u>Palomino Has Not Shown That He Has Exhausted His Administrative Remedies</u>

Under § 3582(c)(1)(A), a defendant may bring a motion for sentence reduction only after he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"

Here, although Palomino's request for a reduction in sentence by his warden was denied, he concedes that he has not appealed the decision. (*See* Mot., at 2-3). Furthermore, the Bureau of Prisons has no record of an appeal filed by Palomino for this request. (Resp., at 5). Therefore, Palomino has not met his burden in showing that he exhausted his administrative remedies and his motion under § 3582(c)(1)(A) is denied.

2. <u>Palomino Has Not Shown Extraordinary and Compelling Reasons for a Sentence Reduction</u>

Even if Palomino had exhausted his administrative remedies, he has not shown that there are extraordinary and compelling reasons that merit a sentence reduction. Palomino's purported extraordinary and compelling reasons for a sentence reduction are his family circumstances, specifically that he is the only available caregiver for his incapacitated brother.

Palomino's family circumstances do not merit a sentence reduction under U.S.S.G. § 1B1.13(b)(3)(D). Sections 1B1.13(b)(3)(B)-(C) state that family circumstances may constitute extraordinary and compelling reasons for a sentence reduction where "the defendant would be the only available caregiver" for an incapacitated spouse or parent. Section 1B1.13(b)(3)(D), in turn, states that "circumstances similar to those listed in paragraphs (3)(A) through (3)(C)

exist involving any other immediate family member" could constitute extraordinary and compelling reasons for a sentence reduction.

Here, Palomino states that his brother is incapacitated and is suffering from cancer, among other ailments. (Mot., at 6.) However, the medical records Palomino attached to his motion do not indicate that his brother is incapacitated. (*See generally* Mot., at 18-21). Furthermore, Palomino does not provide any evidence to indicate he would be the only available caregiver for his brother, or that his relationship with his brother qualifies under U.S.S.G. § 1B1.13(b)(3)(D). For these reasons, Palomino's family circumstances do not amount to extraordinary and compelling reasons for a sentence reduction.

### B. The § 3553(a) Factors Weigh Against Relief

Even if Palomino had exhausted his administrative remedies and demonstrated extraordinary and compelling reasons for a sentence reduction, he has not shown that "the § 3553(a) sentencing factors favor" a reduction in his sentence and that "doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *Tinker*, 14 F. 4th at 1237.

Here, Palomino has not offered any evidence that would convince the Court that the § 3553(a) factors weigh towards relief. The Government, however, notes that Palomino has eleven prior felony convictions. (Resp., at 9). Furthermore, Palomino was under supervision for a previous federal offense when he was arrested for this offense. (*Id.*) Therefore, the Court finds that the § 3553(a) factors weigh against relief.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Palomino's motion is **denied**. (**ECF No. 64.**)

**Done and ordered** in Miami, Florida on July 3, 2025.

_____
Robert N. Scola, Jr.
United States District Judge